23 355
71 489

## The State v. Hoit & als.

Where an indictment sets forth an offence in general terms, but in such manner that the court must see that the special matters constituting the crime, must have been found by the jury, judgment will not be arrested.

Where an indictment charged that the respondents were, on a certain day, overseers of the poor of a town, and, disregarding their duty as such overseers, did neglect and refuse to relieve and maintain a pauper — *held*, that after verdict, judgment would not be arrested because the indictment did not allege that the respondents acted as overseers of the poor of the town, or accepted the office; nor would it be arrested because it did not allege more fully, that it was the duty of the respondents to relieve or maintain the pauper.

An indictment against overseers of the poor for neglect of duty, must allege that the respondents wilfully neglected their duty as such overseers; or must contain other terms equivalent thereto. If the indictment does not contain terms amounting to a charge of criminal intent, judgment will be arrested.

Where an indictment charged that the overseers of the poor, though requested to grant relief, did not, nor would grant it, but disregarding their duty, as such overseers, neglected and refused so to do—*held*, that the indictment was bad; and that the allegations used were insufficient to make out a criminal charge of wilful and intentional neglect of duty.

An indictment is a proper proceeding against overseers of the poor, for wilful and intentional neglect of duty.

INDICTMENT, against the respondents, as overseers of the poor in Newtown, for neglect of their official duty. The indictment contained two counts. The first set forth, that the respondents " on the twenty-fifth day of January last past, were, and ever since have been, and still are overseers of the poor in said town of Newtown, and that a certain infant, whose name is to the jurors unknown, being the illegitimate child of one Ruth A. Heath, of said Newtown, on said twenty-fifth day of January last past, was, ever since has been, and still is poor, and unable to support itself, and did during all the time aforesaid, and still does, in said Newtown, in the county aforesaid, stand in need of support and relief; of all which the said Hoit, Rowell and Sargent, being overseers of the poor as aforesaid, had notice, namely: at said Newtown, on said twenty-fifth day of January, last past; but the said Hoit, Rowell and Sargent, though thereunto specially re-

quested, to wit : at said Newtown, on the day last aforesaid, as overseers, as aforesaid, did not, nor would relieve or maintain said infant, but disregarding their duty as overseers of the poor as aforesaid, did there, during all the time aforesaid, with force and arms, neglect and refuse, and still do neglect and refuse so to do, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

The second count was the same as the first, with the exception that it set forth that the respondents were selectmen of the town ; that no overseers of the poor were chosen by the town that year, and in consequence thereof, the respondents were bound by law to discharge the duties of overseers of the poor of the town.

The jury found a verdict of guilty, and the respondents moved in arrest of judgment.　Because :

1.　The indictment does not allege that the defendants acted as overseers of the poor of the town, or accepted the office ; nor does it allege that it was the duty of the defendants to relieve or maintain the child.

2.　That no crime or offence is charged in the indictment, there being no allegation therein, that the defendants unreasonably, or wilfully, or corruptly, or wrongfully, or intentionally, or unlawfully, neglected their duty as overseers of the poor of said town.

3.　That the remedy to prevent such omission of duty as is charged in the indictment, or to compel its performance, is by mandamus, and that such omission is not punishable by indictment.

The questions arising upon the motion were transferred to this court for determination.

*Wells*, for the respondents.

Upon the first point in the motion in arrest, we refer the court to Arch. Crim. Plead,, 502, 503.　The forms of indictment sustain this position.

Upon the same point, we refer to Bac. Ab. Indictment, G. 1 ; 1 Chitty's Crim. Law, 198.　The rule stated is, that unless the

crime exists at common law, or the act is manifestly illegal, the term "unlawfully," should be inserted. See also, 3 Vermont Rep., 144 ; 1 Maine Rep., 109 ; *Otis* v. *Strafford*, 10 N. H. Rep., 355.

Upon the third point we refer to 6 Cowen's Rep., 276, 280 ; 5 Cowen's Rep., 654 ; Bac. Ab. Mandamus, D. 509; Comyn's Dig., 5, 21 to 25 ; 3 Vermont Rep., 328 ; *Miller's case*, 1 Wm. Black. Rep., 451 ; 6 Pick. Rep., 505 ; 2 Hamilton's Rep., 10 ; 2 Halstead's Rep., 192 ; 5 Pick. Rep., 323 ; 16 Johns. Rep., 61 ; Kirby, 345 ; 2 Pick. Rep., 419 ; 1 East's Rep., 555 ; 11 Johns. Rep., 114, 121. This is not the proper proceeding. Our theory is, that the remedy is by mandamus.

*Hatch*, county solicitor, for the State.

Our answer to the first position of the respondents, is, that it is asserted in the bill of indictment, that the respondents were overseers of the poor in Newtown. It is also alleged, that they were requested to relieve the pauper, as overseers, "as aforesaid ; " and that they neglected to relieve the pauper, in disregard of their duties.

It is not necessary to allege how they were elected, or whether they took the oath of office or not. The objection comes too late ; for the verdict establishes the fact that they were overseers. The indictment goes upon the ground that they neglected to act.

Our answer to the second position of the defendants, is, that the bill alleges, that the defendants neglected and refused to assist, &c. Their neglect was intentional.

The words, unlawfully, intentionally, &c., are not words of art, but may be expressed by other words, by which the ideas . · are conveyed.

The authority from Chitty does not appear to me to apply to the case. The Revised Statutes make it the duty of overseers of the poor to relieve poor persons. Rev. Stat., ch. 66, § 1. If any public officer shall wilfully neglect any duty imposed upon him by law, he is subject to a fine. Rev. Stat., ch. 225, § 20. And all fines imposed by statute, may be recovered by

information, or indictment, if no other mode of recovery is specially provided. Rev. Stat., ch. 211, § 4 ; *State* v. *Fletcher*, 5 N. H. Rep., 257.

We do not deny the position as to the law of mandamus, because it does not follow that an indictment may not also lie. *Otis* v. *Strafford*, 10 N. H. Rep., 355, shows that an indictment will lie. So also, *Mace* v. *Nottingham*, 1 N. H. Rep., 52.

A mandamus is insufficient to enforce the statute. The delay attending upon that mode would defeat the object of the law. The fear of an indictment will make selectmen regard carefully their duties.

EASTMAN, J. The respondents, in this case, move in arrest of judgment upon three grounds. The first is, that the indictment does not allege that the respondents acted as overseers of the poor, in the town, or accepted the office ; and that it does not allege, that it was the duty of the respondents to relieve, or maintain the child.

The indictment sets forth, that the respondents, on the twenty-fifth day of January, last past, were and ever since have been, and still are, overseers of the poor, in the town. The fact that they were on that day, the day of the alleged offence, overseers of the poor, pre-supposes an election, and acceptance of the office, and also implies action by them, if action be necessary. The indictment also alleges, in substance, that the respondents, disregarding their duty as overseers of the poor, did neglect and refuse to relieve and maintain the pauper. Although the offence is not affirmatively set forth in so full a manner as the forms prescribe— the election, acceptance and action in office by the respondents, and their duty to relieve and maintain the child— yet, after verdict, these will be presumed to have been sufficiently proved, under the general allegations of the indictment. Unless the jury had been satisfied, from the evidence before them, that the respondents accepted the office, and acted as overseers of the poor of the town, unless they were also satisfied that it was the duty of the respondents to relieve, and maintain the child, they could not have found a verdict of guilty.

The second ground relied upon, is, that no crime is sufficiently alleged in the bill; and this objection, we think is well taken. The very essence of the crime is the wrong intent with which the act is done; and the gist of an indictment consists in the charge of criminal intent. In order to convict the respondents it was necessary to allege, and prove, that they were overseers of the poor of the town, that it was their duty to relieve the pauper, and that they intentionally, and wilfully neglected so to do. The respondents are punishable by virtue of the statute. That provides, that if any public officer shall wilfully neglect, any duty imposed upon him by law, and no penalty shall be prescribed by statute for such neglect, such public officer, guilty of such neglect, shall forfeit and pay a fine, &c. Rev. Stat., ch. 225, § 20. Overseers of the poor, are public officers within the meaning of the statute, and there is no special penal statute particularly applicable to them for any misdemeanors in office; and hence they come under the general one above quoted. By that statute, it is clearly intended that the neglect, in order to be criminally punishable, must be wilful. There must be a criminal intent, a wilful wrong done, before punishment can follow. Overseers of the poor may mistake their duty; they may err in judgment; they may proceed illegally; for all which they may be liable in a civil action; but before they can be convicted as criminals, they must be guilty of a wrong intent.

In the indictment before us, the overseers might be guilty of all that is charged in the bill, and still innocent of any wilful neglect of duty. They might neglect and refuse to afford the support, from the belief that the child was not a pauper, or from a mistaken idea of their duty, in furnishing relief. This course they might have pursued, and still have been guilty of no criminal intent, or wilful wrong. This indictment is, therefore, deficient. There is no distinct and legal crime sufficiently described in the bill.

Having arrived at the conclusion stated, upon the second position of the respondents, it would not, in disposing of the case, be necessary to make any decision upon the last point. But as we entertain no doubt in regard to the law upon the subject, we

will state briefly, that, in our opinion, the position is incorrect. Mandamus may be a concurrent remedy, but that is the most that can be said in regard to it. The clause of the statute, which we have cited, shows, that overseers of the poor may be punished by fine, for any wilful neglect of duty. Rev. Stat., ch. 225, § 20. And by another enactment it is provided, that " all fines imposed by any statute, may be recovered by information or indictment, if no other mode of recovery is specially provided." Rev. Stat., ch. 211, § 4 ; *Otis* v. *Strafford,* 10 N. H. Rep., 355 ; *State* v. *Fletcher,* 5 N. H. Rep., 257. No other mode is specially provided for offences of this kind ; and hence it follows that an indictment will lie for any wilful neglect of duty on the part of overseers of the poor.

*Judgment arrested.*